TRINETTE G. KENT (State Bar No. 222020)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Larry Davis

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Larry Davis,<br><br>  Plaintiff,<br><br>  vs.<br><br>United Recovery Systems, L.P.,<br><br>  Defendant. | Case No.: 3:15-cv-2803<br><br>**COMPLAINT FOR DAMAGES**<br><br>**FOR VIOLATIONS OF:**<br>**1. THE TELEPHONE CONSUMER PROTECTION ACT;**<br>**2. THE FAIR DEBT COLLECTION PRACTICES ACT; AND**<br>**3. THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Larry Davis (hereafter "Plaintiff"), by undersigned counsel, brings the following complaint against United Recovery Systems, L.P. (hereafter "Defendant") and alleges as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and repeated violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq.* ("Rosenthal Act").

2. Jurisdiction of this Court arises under 47 U.S.C. § 227(b)(3), 15 U.S.C. § 1692k(d), Cal. Civ. Code 1788.30(f), 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff is an adult individual residing in San Leandro, California, and is a "person" as defined by 47 U.S.C. § 153(39) and Cal Civ. Code § 1788.2(g).

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3), and is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

6. Defendant is a business entity located in Houston, Texas, and is a "person" as the term is defined by 47 U.S.C. § 153(39) and Cal Civ. Code § 1788.2(g).

7. Defendant uses instrumentalities of interstate commerce or the mails in a business the principle purpose of which is the collection of debts and/or regularly collects or attempts to collect debts owed or asserted to be owed to another, and is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

8. Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in the collection of consumer debts, and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

9. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to a creditor other than Defendant.

10. Debtor's alleged obligation arises from a transaction in which property, services or money was acquired on credit primarily for personal, family or household purposes, is a "debt" as defined by 15 U.S.C. § 1692a(5), and is a "consumer debt" as defined by Cal. Civ. Code § 1788.2(f).

11. At all times mentioned herein where Defendant communicated with any person via telephone, such communication was done via Defendant's agent, representative or employee.

12. At all times mentioned herein, Plaintiff utilized a cellular telephone service and was assigned the following telephone number: 510-XXX-7678 (hereafter "Number").

13. Defendant began placing calls to Plaintiff on or about February 13, 2015 in an attempt to collect a debt.

14. The aforementioned calls were placed using an automatic telephone dialing system ("ATDS").

15. When Plaintiff answered the calls from Defendant, he was met with a period of silence before Defendant's telephone system would disconnect the call.

16. Plaintiff never provided his Number to Defendant or the original creditor, and never provided his consent to be contacted on his Number.

17. During a live conversation with Defendant, Plaintiff demanded all calls to his Number cease.

18. Nevertheless, Defendant continued calling Plaintiff's Number without his consent.

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

19. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

20. The TCPA prohibits Defendant from using, other than for emergency purposes, an ATDS when calling Plaintiff's Number absent Plaintiff's prior express consent to do so. *See* 47 U.S.C. § 227(b)(1).

21. Defendant's telephone system has the earmark of using an ATDS in that Plaintiff, upon answering calls from Defendant, heard a period of silence before Defendant's telephone system would end the call.

22. Defendant called Plaintiff's Number using an ATDS without Plaintiff's consent in that Defendant either never had Plaintiff's prior express consent to do so or such consent was effectively revoked when Plaintiff requested that Defendant cease all further calls.

23. Defendant continued to willfully call Plaintiff's Number using an ATDS knowing that it lacked the requisite consent to do so in violation of the TCPA.

24. Plaintiff was harmed and suffered damages as a result of Defendant's actions.

25. The TCPA creates a private right of action against persons who violate the Act. *See* 47 U.S.C. § 227(b)(3).

26. As a result of each call made in violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages.

27. As a result of each call made knowingly and/or willingly in violation of the TCPA, Plaintiff may be entitled to an award of treble damages.

# COUNT II

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, *et seq.*

28. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

29. The FDCPA was passed in order to protect consumers from the use of abusive, deceptive and unfair debt collection practices and in order to eliminate such practices.

30. Defendant contacted Plaintiff in an attempt to collect a debt and engaged in "communications" as defined by 15 U.S.C. § 1692a(2).

31. Defendant engaged in conduct, the natural consequence of which was to harass, oppress, or abuse Plaintiff, in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

32. Defendant caused Plaintiff's phone to ring or engaged Plaintiff in telephone conversations repeatedly or continuously, with the intent to annoy, abuse and harass Plaintiff, in violation of 15 U.S.C. § 1692d(5).

33. The foregoing acts and/or omissions of Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

34. Plaintiff was harmed and is entitled to damages as a result of Defendant's violations.

# COUNT III

## VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788, *et seq.*

35. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

36. The Rosenthal Act was passed to prohibit debt collectors from engaging in unfair and deceptive acts and practices in the collection of consumer debts.

37. Defendant caused Plaintiff's telephone to ring repeatedly or continuously to annoy Plaintiff, in violation of Cal. Civ. Code § 1788.11(d).

38. Defendant communicated with Plaintiff with such frequency as to be unreasonable, constituting harassment, in violation of Cal. Civ. Code § 1788.11(e).

39. Defendant did not comply with the provisions of 15 U.S.C. § 1692, *et seq.*, in violation of Cal. Civ. Code § 1788.17.

40. Plaintiff was harmed and is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant for:

A. Statutory damages of $500.00 for each call determined to be in violation of the TCPA pursuant to 47 U.S.C.§ 227(b)(3);

B. Treble damages for each violation determined to be willful and/or knowing under the TCPA pursuant to 47 U.S.C.§ 227(b)(3);

C. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

D. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

E. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

F. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

G. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civ. Code § 1788.30(c);

H. Punitive damages; and

I. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  June 22, 2015                                TRINETTE G. KENT

By:  */s/   Trinette G. Kent*
Trinette G. Kent, Esq.
Lemberg Law, LLC
Attorney for Plaintiff, Larry Davis